UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina
banking corporation, as successor-
in-interest to Colonial Bank by
asset acquisition from the FDIC as
Receiver for Colonial Bank,

    Plaintiff,

v.

Case No.:  2:13-cv-373-SPC-KCD

DAVID D'AMORE and PAMELA
D'AMORE,

    Defendants.
_____/

# ORDER

Before the Court is Plaintiff Truist Bank's[1] Motion for Continuing Writ of Garnishment Against Salary or Wages of Defendant Cabot L. Dunn, Jr. (Doc. 103.) In 2014, the Court entered a judgment against Cabot L. Dunn, Jr. for $3,606,605.99. (Doc. 64.) Plaintiff now requests the Court direct the clerk to issue a continuing writ of garnishment on DEC Contracting Group, Inc., an entity that Plaintiff believes is Dunn's employer.

---

[1] Plaintiff explains that Branch Banking and Trust Company changed its name to Truist Bank in 2019. (Doc. 103 at n.1.) Thus, the Court will direct the Clerk to change the name on the docket.

Federal Rule of Civil Procedure 69 provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." *Id.* The procedure for writs of execution is governed by state law. *Id.* Florida law provides that "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment[.]" Fla. Stat. § 77.01. To obtain a continuing writ of garnishment against salary or wages, a party must comply with Florida Statute section 77.0305, which provides, "a court shall issue a continuing writ of garnishment to the judgment debtor's employer" until the judgment is satisfied or until otherwise provided by court order.

Plaintiff has complied with the statutory prerequisites for obtaining the writ it seeks. Thus, the Court will direct the Clerk to issue the proposed writ of garnishment. Thereafter, Plaintiff must fully comply with Florida's applicable garnishment statutes (Fla. Stat. § 77.01 *et seq*.) and file any required certificates of service (*see, e.g.*, Fla. Stat. §§ 77.041(2), 77.055).

Accordingly, it is **ORDERED**:

1. Plaintiff Truist Bank's Motion for Continuing Writ of Garnishment Against Salary or Wages of Defendant Cabot L. Dunn, Jr. (Doc. 103) is **GRANTED**.

2. The Clerk is **DIRECTED** to issue the proposed writ (Doc. 103-1).

3.  The Clerk is further **DIRECTED** to change Plaintiff's name on the docket to Truist Bank.

**ENTERED** in Fort Myers, Florida on January 8, 2025.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

3