UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRUIST BANK,

     Plaintiff,

v.                           Case No.:  2:13-cv-373-SPC-KCD

MICHAEL DUNN, DAVID
D'AMORE, PAMELA D'AMORE,
CABOT L. DUNN, JR., and
LODGE CONSTRUCTION, INC.,

     Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff Truist Bank's Motion for Final Judgment on Garnishee, DEC Contracting Group, Inc.'s Answer to Continuing Writ of Garnishment of Defendant Cabot L. Dunn, Jr. (Doc. 123). Defendant Cabot L. Dunn, Jr. failed to respond. For the reasons below, the Court grants the motion.

In 2014, the Court entered a judgment against Cabot L. Dunn, Jr. for $3,606,605.99. (Doc. 64). On January 9, 2025, the Clerk issued a Continuing Writ of Garnishment. (Doc. 108). The writ directed DEC Contracting to serve an answer stating whether it employs Cabot L. Dunn, Jr. and whether it owes him wages, stating the periods of payment and amount of wages. (*Id.*). The writ also directed DEC Contracting to withhold a portion of his wages and send

them to Plaintiff's law firm. (*Id.*). DEC Contracting has since answered. (Doc. 115). Its answer states that it employs Cabot L. Dunn, Jr. and will withhold $328.92 from his weekly paychecks. (*Id.* ¶ 6).

Federal Rule of Civil Precure 69 provides that "proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law provides procedures for obtaining a judgment against a garnishee after a writ of garnishment is issued. First, the plaintiff must serve by first class mail:

> a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.

Fla. Stat. § 77.041(2). Plaintiff "shall file in the proceeding a certificate of such service." *Id*.

Second, "[w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired" the plaintiff must serve by mail:

> a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.

Fla. Stat. § 77.055.  Again, the plaintiff "shall file in the proceeding a certificate of such service." *Id.*

Third, if the defendant fails to move to dissolve the writ, "[j]udgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer[.]"  Fla. Stat. § 77.083. "No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee." *Id.*

Plaintiff has properly followed this procedure.  Plaintiff obtained a judgment against Cabot L. Dunn, Jr.  and the Clerk issued a writ of garnishment to DEC Contracting.  (Doc. 108).  Plaintiff filed a certificate of service stating that it timely served him the writ, the motion, and the "Notice to Defendant" by first class mail.  (Doc. 109).  DEC Contracting answered. (Doc. 115).  Plaintiff then filed and served by mail a notice that included a copy of DEC Contracting's answer and advised Cabot L. Dunn, Jr.  that he must move to dissolve the writ within 20 days.  (Doc. 116).  Cabot L. Dunn, Jr.  failed to timely move to dissolve.  So Plaintiff is entitled to a judgment against the garnishee.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Truist Bank's Motion for Final Judgment on Garnishee, DEC Contracting Group, Inc.'s Answer to Continuing Writ of Garnishment of Defendant Cabot L. Dunn, Jr.  (Doc. 123) is **GRANTED**.

(2) The Clerk is **DIRECTED** to enter final judgment against garnishee DEC Contracting Group, Inc. in the amount disclosed in its answer— $328.92 for each weekly pay period, beginning on the pay period ending on January 14, 2025, and continuing for as long as there remains an amount unpaid on the final judgment against Cabot L. Dunn, Jr., and he is employed by or is otherwise owed wages by garnishee.

(3) Garnishee must pay to Truist the amount withheld under the continuing writ and continue to withhold wages from Cabot L. Dunn, Jr. consistent with the instructions provided in the continuing writ. Garnishee must remit said amounts (less $2 for each such withholding as garnishee's commission) to Truist, no later than 14 days following the end of each such pay period.

(4) Garnishee must remit all amounts due and to become due to Truist's attorneys at 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602, and by check payable to "Shumaker, Loop & Kendrick, LLP Trust Account."

DONE and ORDERED in Fort Myers, Florida on March 25, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record